UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sergei Lemberg, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| JPMorgan Chase & Co., Equifax Inc., Experian Information Solutions Inc., and Trans Union LLC, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, Sergei Lemberg, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and applicable state statutes and the common law tort of defamation.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

6. Plaintiff, Sergei Lemberg (hereafter "Plaintiff"), is an adult individual residing in Greenwich, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

7. Defendant JPMorgan Chase & Co. ("JPMorgan"), is a New York business with a principal place of business of 270 Park Avenue 8th Floor, New York, New York 10017, operating as a banking institution, and is a "furnisher" of consumer information to consumer reporting agencies.

8. Defendant, Equifax Inc. (hereafter "Equifax") is a Georgia corporation with an address of 1550 Peachtree Street Northwest, Atlanta, Georgia 30309, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

9. Defendant Experian Information Solutions Inc. (hereafter "Experian") is an Ohio corporation with a business address of 475 Anton Boulevard, Costa Mesa, California 92626, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

10. Defendant Trans Union LLC (hereafter "Trans Union" or collectively with JPMorgan, Equifax, and Experian, the "Defendants") is an Delaware limited liability corporation with a business address of 555 W. Adams,

Chicago, Illinois 60661, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

11.   The Plaintiff became aware that JPMorgan reported to one or more of the three national consumer reporting agencies (hereafter "CRAs") that Plaintiff incurred a financial obligation to Chase Manhattan Bank and the account balance was due and payable.

12.   In a letter dated June 5, 2009, the Plaintiff informed JPMorgan that he disputed the ownership of the debt and informed JPMorgan that his personal credit report listed a financial obligation which was allegedly incurred by Lemberg & Associates, LLC, a Connecticut limited liability company.

13.   JPMorgan did not respond to the Plaintiff's dispute letter and continues to report the Plaintiff's account to all three CRAs as having current balances due and payable.

14.   Also, on June 5, 2009, the Plaintiff mailed a dispute letter to Equifax, Experian, and Trans Union, and informed them that Plaintiff was not a proper owner of the alleged financial obligation, and requested each and every of them to verify and delete the erroneous JPMorgan representation from his credit file.

15.   Nevertheless, Equifax, Experian, and Trans Union continue to report the Plaintiff's account as having current balance due and payable.

16. Upon the Plaintiff's request for verification and deletion, and in accordance with their standard procedures, Equifax, Experian, and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the JPMorgan representation.

17. In the alternative to the allegation that Equifax, Experian, and Trans Union failed to contact JPMorgan, it is alleged that Equifax, Experian, and Trans Union did forward some notice of the dispute to JPMorgan and JPMorgan failed to conduct a lawful investigation.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.* by THE DEFENDANTS

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

20. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681e(b) on multiple occasions by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

21. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file and receiving actual notice of such inaccuracies; by failing to conduct

4

lawful reinvestigation; by failing to forward all relevant information to JPMorgan; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

22. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of a closed account.

23. JPMorgan violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill its duties under the FCRA by failing to fully and properly investigate the Plaintiff's dispute of JPMorgan representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian, and/or Equifax, and/or Trans Union; by failing to correctly report results of an accurate investigation to every credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent re-reporting of JPMorgan representations to the consumer reporting agencies.

24. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and

benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit line.

25. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26. The Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants are "persons" as defined by Conn. Gen. Stat. § 42-110a(3).

29. The Defendants engaged in unfair and deceptive acts and practices in the conduct of their trade, in violation of Conn. Gen. Stat. § 42-110b(a).

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## NEGLIGENT, RECKLESS AND WANTON CONDUCT BY DEFENDANT JPMorgan

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. JPMorgan acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

33. As a proximate consequence of JPMorgan's negligence, Plaintiff have been caused to suffer severe emotional and mental distress.

34. As a result of JPMorgan's unlawful acts, JPMorgan is liable to the Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT IV
## DEFAMATION

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. JPMorgan published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

37. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by JPMorgan.

38. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

39. As a direct and proximate consequence of JPMorgan's acts of defamation, the Plaintiff has been injured in that the Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against each and every Defendant;

2. Attorneys fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against each and every Defendant;

3. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

4. Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 4, 2010

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Juris No.: 425027
Attorneys for Plaintiffs